May it please the Court, my name is Jason Porter. I represent Petitioner Cruz Martinez-Castillo. Petitioner has a due process right to a full and fair hearing before a neutral immigration judge. A hearing that's free of bias, speculation, prejudgment, and reliance on improper considerations. Now this is not a case where we single out a statement in the record and indications in the record that the IJ who presided over the hearing was not neutral in his decision to deny cancellation of removal. These indications erode the appearance of fairness and create substantial uncertainty as to whether the IJ acted as a neutral decision maker. Given my limited time here this morning, I'd like to focus on two examples of improper treatment of the evidence that call into question the IJ's neutrality. The first is in regard to the pre-sentence report related to his possession conviction in Idaho. During the hearing, the IJ was preoccupied with the reason the petitioner was sentenced to seven years for possession of a quarter of a gram of methamphetamine. The IJ inquired about the existence of a pre-sentence report that was submitted at that trial and stated that he was really perplexed about why the Idaho judge would have sentenced this man to seven years. Counsel? Yes. Why did that manifest bias? How did that manifest bias if you were asking why? Our argument has never been that the IJ's neutrality is, we don't question the IJ's neutrality merely because he was asking about the existence of the pre-sentence report. The government in their brief suggested that that was our argument merely to knock it down. Our argument is this, when the IJ learned that the pre-sentence report couldn't be obtained, the government says he dropped the issue. That's not entirely correct. After admitting that he didn't know Idaho law, he said he stated during the hearing that there's a lot more going on here. Essentially, he determined that there were, he speculated that there were other reasons beyond those presented at the hearing that would justify his adverse decision. But counsel, even if there are these reasons, how can you say that it would have affected the outcome of the decision that the IJ ultimately made? Well, according to the case law, we don't have to prove that it would have affected the decision. All we have to prove is prejudice that it may have affected the decision. And in this case, we said he weighed everything. He weighed the mitigating factors, the family factors, that his mother was old, needed care, that he'd lived in the United States for 45 years. And didn't he take everything into consideration, even assuming he had this alleged bias? I agree with you that it's possible that absent any of these indicia of bias and speculation, the immigration judge might have came to the same conclusion. We simply don't know what the result would have been had there been no speculation, reliance on improper consideration. But is that the standard, counsel, that we don't know? That's not the standard. The standard is we have to show that it may have been different. And we take the position that it may have been different. In this case, the immigration judge failed to consider any of the mitigating factors. This man served 10 years in prison for a conviction that was set aside not based on some trivial technicality, but based on ineffective assistance of counsel. The District Court of Oregon held that the result would likely have been different had he had effective assistance of counsel. In his rape trial, his attorney failed to call his mother, who would have testified that the door was locked to the home and to the room where the alleged victim was, and would have testified that she was there and she would have known if anyone had come over that night. But counsel failed to call them. That's just one example. He served 10 years for an invalid rape conviction, yet the I.J. failed to take the mitigating effect of that into account when discussing his employment history, his family relationships, especially the relationships with his children. The I.J. even noted in his decision that his children, and I quote, had not seen fit to appear in court to be invalidated and served 10 years. His children were very young when that happened, yet the judge was not inclined at all to consider what impact the rape conviction had on some of these factors. Everything. The judge said he considered everything, and under the law, we engage in the presumption that he did consider everything. So how do you overcome that presumption that all of the evidence was considered, especially when the judge said he considered it all? I don't doubt that the judge was truthful in saying that he considered all of this. Our position is that he may have considered it differently had he not taken certain considerations that we believe were improper. Do we second-guess the I.J.? I mean, this is a discretionary ruling, and can we second-guess him? Well, we're not challenging the judge's discretionary ruling. We're asking this to review de novo whether or not the BIA's conclusion that there was no due process violation is correct. And if we were to agree with you, what would be the remedy? Simply to send it back before a different I.J.? Exactly. Just a do-over? That's simply all we're asking for is what the Constitution requires, a fair hearing before a neutral immigration judge. Okay. Now, you gave us one example. You indicated you might want to give us two examples that indicate bias. Sure. The first example is the pre-sentence report, and let me just finish that. In his decision, and this is the most striking example, the I.J. relied heavily upon Mr. Martina's 15- to 30-year-old criminal history related to alcohol abuse. He called that history innately reprehensible, despicable, depraved, and base. And to support that conclusion... Where does he do that? Because I'm not sure that he said that in quite those terms. Can you tell me where that is? I can get you the record citation when I get up for rebuttal. I don't have that with me. Okay. In his decision, he actually, I believe, cites to a decision of this court that uses those words to describe... But my recollection is he was just reciting the standard rather than saying that this is what this was. Well, I think he was citing a decision of this court that was discussing crimes such as driving under the influence of alcohol and described that act in those terms. On rebuttal, we can see what it is. Okay. But in his decision, he said this, and I quote, I must assume that the Idaho judge who presided over Respondent's plea to possession of methamphetamine must have had similar sentiments when he gave Respondent such a long sentence. Essentially, the IJ, without having the pre-sentence report introduced during the hearing, guessed as to its content, and he guessed as to what another judge might have been thinking in giving this man a seven-year sentence, all to support his decision to deny cancellation of removal. The IJ simply had no idea why this man was sentenced to seven years in his Idaho case. Several other examples we discussed in our brief. We believe that the IJ improperly penalized Mr. Martinez-Castillo merely for having pursued his legal remedies related to his possession conviction. In his decision on record, page 116, he says, and I quote, it rings hollow for him to insist that he had no criminal culpability for this offense and blame the lawyer. Essentially, what this IJ was doing is speculating about the merits of an appeal by stating that his appellate argument of ineffective assistance rings hollow, and by reducing his exercise of statutory rights to a meritless attempt to blame the lawyer. Is that appeal still pending? That appeal is no longer pending, but at the time that this decision was rendered, it was. And according to the matter of Mendez, which is a BIA decision cited at page 29 of the government's brief, the BIA said, in ascertaining the effect of a criminal conviction, neither the board nor the immigration judge may go beyond the judicial record to determine the guilt or innocence of an alien. We argue today that that's exactly what the IJ did. I'd like to reserve my remaining minute for rebuttal, if I may. Okay, fine. Thank you. May it please the Court. My name is Hannah Farber on behalf of the Attorney General. Although this Court retains jurisdiction to review tolerable constitutional claims raised in the petition for review, Petitioner's claims of bias on the part of the immigration judge are without merit, and in any event, Petitioner has failed to demonstrate prejudice. Now, I want to make sure I understand where you're going with the U.S. argument. Are you saying we don't have jurisdiction, or that we do, and that even though we have jurisdiction, he loses on the merits? I'm saying that the discretionary denial of Petitioner's application for cancellation of removal is outside of review. Because? Because the review of discretionary denials of relief are barred under 242-8289. But is review as to whether or not there's been a due process denial because of bias? That is within this Court's jurisdiction. So it sounds like we do have jurisdiction. We do have jurisdiction to review tolerable constitutional claims raised in the petition for review. And is this a tolerable constitutional claim? My argument is that, no, it is not a tolerable constitutional claim. And not being tolerable means more than it merely loses. You're saying it's frivolous. Well, that might be strong. But you see, we have jurisdiction unless it's frivolous. Okay. I mean, I'm using the word frivolous instead of tolerable. But tolerable doesn't mean win or lose. It means you can advance it. I mean, I can say it various ways. You can advance it with a straight face. It's a non-frivolous claim. It's a real claim. It may be a loser. But so long as it's tolerable, we have jurisdiction. And I'm not disputing that jurisdiction. Okay. What I am arguing is that the large majority of petitioners' claims relating to bias actually amount to abusive discretion claims over which this court does not have jurisdiction. And so specifically, his allegations that the immigration judge didn't fairly consider the positive and negative equities or didn't accord sufficient weight to certain evidence or hardship factors, those are abusive discretion arguments rather than constitutional claims. Well, they could be either. That is to say, if you're trying to show that a judge is biased, what you do is you look at what the judge says, you look at what the judge did, and of course you could translate those into abusive discretion arguments. But these are bias arguments. Right. They may be winners or losers, but they're bias arguments. And the reason those arguments lose, in addition to the ones that I wouldn't necessarily characterize as straight abusive discretion arguments, is because the immigration judge's decision, the board reviewed it de novo and in so doing, reweighed the evidence and affirmed that petitioner did not merit discretionary relief. So petitioner's assertions of bias on the part of the immigration judge are moot, as any bias was cured by the board and petitioner does not allege bias on the part of the board. But what's more, the board correctly determined that the immigration judge afforded petitioner a full and fair hearing. And the reason for this is that... Does the board have jurisdiction to decide the constitutional claim of bias? No. The board is in a position to determine whether or not petitioner received a full and fair hearing. So there's no board decision on the question in front of us, on the question of bias. Well, this court sent the case actually back to the board to address those very allegations, which the board did in its decision in addition to dismissing the appeal of the discretionary denial of relief. But I'm asking a somewhat different question. I think I'm right that the board does not have authority to decide a constitutional question. You're right. And the question in front of us is a constitutional question of due process. Yes. Therefore, the board didn't decide the question that's in front of us, which is a due process claim. That is correct. Okay. Yeah. But what the board did determine is that an allegation of bias on the part of the immigration judge, the alien had the burden of demonstrating that he did not receive a full and fair hearing. And what the board decided was that, indeed, he did receive a full and fair hearing. And the reason for that, or the reason he found petitioners... The board found petitioners' assertions of bias unavailing is that petitioner challenged the immigration judge's consideration of evidence that was relevant to the factors to be considered in determining whether cancellation should be granted. But can't we look at the alleged biases that the IJ demonstrated... Absolutely. ...concerning the rape conviction and then the possession of methamphetamine? Absolutely. Yes. And in looking at those allegations of bias, it's the respondent's position that those assertions are without merit. Because, for one, the immigration judge did not inappropriately rely on the vacated conviction. The immigration judge explicitly stated in his opinion that he would not consider the vacated rape conviction. He may have said that, but didn't he refer to it? And didn't he allow questions regarding it? He did allow questions, and it was not improper for him to allow questions because the vacated rape conviction was evidence that related to relevant factors in determining whether cancellation should be granted. Specifically, those factors include the criminal record, the nature, the recency, and seriousness of crimes. Well, wait a minute. The criminal record... Are you including in criminal record a decision that's been vacated and is no longer on the books? He does not stand convicted of rape. That's understood. But it was part of the immigration file, and as such, it was permissible for the immigration judge to consider it as part of the record. What do you make of his early comment? He says, I can't ignore this. Now, in his oral decision, he says he does ignore it. But early on, at the beginning of the proceedings, actually before the actual hearing begins, he says, talking to the lawyers, I cannot ignore this rape conviction, even though at that time, of course, he knew it had been set aside. What are we to make of that comment? What I make of that is that he was looking at the record as a whole. He cannot ignore the fact that Petitioner was detained for 10 years. That's relevant to what was Petitioner's employment history. Why is it that there was a 10-year period where he wasn't being... he wasn't in rehabilitation centers or he didn't have any further drunk-driving convictions? It's part of the entire picture. Yeah, that's not how I read that comment. I mean, you're making a good argument as to why it's relevant, but that isn't how I read the comment. What am I supposed to make of the IJ having allowed the government to talk about the child abuse behavior of the two brothers? The government makes really, in my mind, flimsy arguments of relevancy, and the IJ lets them in, and so all of a sudden we got... I mean, oh, all of a sudden we got guilt by associations. All these brothers do child abuse, which strikes me as... I mean, it's clear why the government's putting it in. The government's trying to say, you know what? All the boys in this family are bad actors, and you better believe he did rape his daughter. I mean, that's why the government put it in. That could be. Clearly, the government counsel said that it was for the purpose of contacts in the United States. The immigration judge accepted it. Petitioner's counsel did not object to it as prejudice. It was simply on relevance grounds and did not pursue any further objection to that. Well, it seems to me that was a perfectly sensible objection. Sure, but the immigration judge specifically said... He limited the questioning. He said it was doubtful he would consider it, and in fact, in his decision, he makes no mention whatsoever of the petitioner's relative's history of sexual abuse. But doesn't the immigration judge... or didn't the immigration judge allow questions regarding what the victim... what happened to the victim and details about the rape? Alleged rape? Yes, he did, and I think there are two... How is that relevant? Well, I think the two main points in terms of relevance are that first, petitioner's counsel and petitioner himself in his declaration testified about those details, and petitioner's counsel did not object to further questioning on cross-examination. But second, as I said, the immigration judge was considering all evidences in the record which was relevant to the determination of whether or not petitioner merited discretionary relief. And despite the fact that it was vacated, that's part of the record. You said that petitioner himself testified about details of the rape? On direct and on cross. What do you mean he testified about them? As if they had happened? No, he testified about the allegations and that he did not commit the rape. That's right, so he only says here's what she said and it didn't happen. That's quite different from testifying about the details of the rape. I think what's important to emphasize here, though, is prejudice, and petitioner's constitutional claims failed because the board correctly determined that petitioner cannot demonstrate prejudice. Counsel, are you aware of any case that holds that evidentiary rulings can serve as a basis for determination of bias in the immigration context? I am not, but I would be happy to look into that. I see that my time is limited, so I'll wrap up. Regarding prejudice, ample grounds exist to support the discretionary denial of relief. Petitioner's extensive criminal history, his longstanding alcohol abuse, and his failed attempts at rehabilitation. The record demonstrates that the immigration judge and board both considered these grounds, and this court lacks jurisdiction to review their resulting denial of relief as a matter of discretion. Therefore, this court should dismiss in part and deny in part the petition for review. Okay, thank you. Mr. Porter? Thank you. I found the record citations to the IJ's description of alcohol-related offenses. It's on pages 134 and 135 of the record. I'd just like to make a couple of points in rebuttal. First, the BIA reviewed the record and concluded the petitioner was afforded a full and fair hearing which comported with the requirements of due process. However, in Reyes-Melendez, this court rejected the argument that a BIA review launders the bias held by an IJ, rendering it harmless. And in Sham, which is a Third Circuit case, I believe, the Third Circuit held a similar thing. Also, this court has more generally held that it reviews de novo the BIA's conclusion that the hearing did not violate due process. So even though the BIA may have conducted some sort of de novo review and decided whether substantial evidence supported the IJ's decision, that's not the question before the court. What was the question that was remanded to the BIA? It was the constitutional questions. This court determined that the BIA didn't address any of the constitutional questions. So why would we remand it back for the BIA to make a determination regarding the fairness of the trial if the BIA couldn't do that? I see my time's up. Would you like me to answer? Sure. You take as much time as you need to answer the questions. Okay. In this case, this court remanded to the BIA, presumably under an assumption that the BIA needed to address the constitutional violations. Wouldn't it be fair to say that the BIA could address whether or not there was evidence of bias without deciding the constitutional question? Well, I think evidence I think bias is the constitutional question here. The constitutional question is due process. Sure. The underlying factual determination is whether there was bias exhibited. Yeah, and the BIA concluded that there wasn't. It reviewed the underlying record and concluded that there wasn't. The argument that we raised to this court is that this court should review de novo that determination and decide whether or not bias, improper considerations, speculation, tainted the record here and deprived him of a full opportunity to... You're asking us to send it back to the IJ. That's exactly right, Your Honor. Thank you. Okay, thank you very much. Before we finish up, I'd like to make note that Mr. Porter and his firm, Lewis & Rocha of Phoenix, have taken this case pro bono. We have a pro bono program. We ask, on occasion, lawyers to step up and take these cases pro bono. We very much appreciate your doing this, the quality of your written work and the quality of your advocacy. Win or lose, I thank you on behalf of the panel and on behalf of the court. We thank you also, Ms. Farber. Okay, the case is now submitted for decision.
judges: Gonzalez, Fletcher W. , Rawlinson